**Surf MOORE, Appellant**

v.

**State of NEW JERSEY.**

No. 10–1775.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 17, 2010.

Opinion filed: June 28, 2010.

Surf Moore, Jackson, MS, pro se.

Nancy Kaplen, Esq., Office of Attorney General of New Jersey, Division of Law, Trenton, NJ, for State of New Jersey.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Surf Moore, proceeding pro se, appeals from the District Court's dismissal of his complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons stated herein, we will summarily vacate and remand.

In September 2009, Moore filed a complaint in the United States District Court for the District of New Jersey challenging a fine imposed under New Jersey law. Although the complaint is vague and confusing, it appears that Moore alleged a due process violation in response to an arrest following his failure to pay a fine. However, Moore provided the court with only these minimal facts in his complaint and cited verbatim 28 U.S.C. § 1343, 28 U.S.C. § 2462, the Fourteenth Amendment, and the Fifth Amendment. Before directly quoting each of the above-mentioned statutes and constitutional amendments, Moore asserted two major claims: 1) the New Jersey statute is vague and uncertain; and 2) the New Jersey statute is in conflict with a federal statute. The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) for the following reasons: 1) Moore failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in accordance with Fed. R. Civ. P. 8(a)(2); and 2) he failed to state "sufficient factual matter" to show that any potential claims are facially plausible. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1948–49, 173 L.Ed.2d 868 (2009). Moore filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Moore has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we

review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). We may take summary action on an appeal if it presents no substantial question. *See* 3d Cir. LAR 27.4.

When the District Court dismisses a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2), the District Court must allow the litigant leave to amend his complaint unless any amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 106 (3d Cir.2002). Here, the District Court correctly concluded that Moore's complaint failed to state a claim, but it failed to offer Moore an opportunity to file an amended complaint in order to clarify his allegations. *See id.; see also Phillips v. County of Allegheny,* 515 F.3d 224, 231–36 (3d Cir.2008) (clarifying that the pleading standards under Rules 8 & 12(b)(6) require that the District Court must give a plaintiff the opportunity to amend her complaint prior to dismissal, unless amendment would be futile). While we agree that Moore's pleadings failed to establish sufficient factual background to ascertain whether a basis for the claims exist, an amended complaint providing additional details may reveal information that will allow the court to determine a basis for Moore's claims. We therefore conclude that, without a finding of futility, the District Court should uphold its obligation to allow Moore to file an amended complaint.

Accordingly, because there is no substantial question presented, we will summarily vacate and remand this appeal with instructions to the District Court to grant

Moore leave to amend his complaint. See 3d Cir. LAR 27.4 & I.O.P. 10.6.